UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LYNN T. PASLEY,

        Plaintiff,

v.                                      Case Number 08-13988-BC
                                     Honorable Thomas L. Ludington

JOHN DOES,

        Defendants.
_____/

## OPINION AND ORDER DISMISSING PLAINTIFF'S 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT WITH PREJUDICE AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On September 16, 2008, Plaintiff Lynn T. Pasley, who is currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that Defendants, which he identifies as "John Does," violated his constitutional rights by denying him the opportunity to file a petition for rehearing or rehearing en banc of the Sixth Circuit Court of Appeals' decision affirming the district court's denial of his petition for writ of habeas corpus. *See Pasley v. Romanowski*, No. 05-2549 (6th Cir. July 19, 2007). Plaintiff contends that he was unable to file a timely motion for rehearing or rehearing en banc because he received the order of judgment from the Sixth Circuit on July 25, 2007, six days after it was entered by the court. Plaintiff seeks monetary damages.

On September 25, 2008, after an initial review of Plaintiff's complaint, the Court entered an order directing Plaintiff to provide the Court with the full names and addresses of all Defendants, noting that service could not be perfected without this identifying information. On October 16, 2008, Plaintiff submitted a letter to the Court, stating that he could not provide the information to

the Court without an opportunity for discovery. While a pro se plaintiff may utilize any discovery methods prescribed by the Federal Rules of Civil Procedure, *Reynosa v. Smith*, No. 06-106, 2006 WL 3456667, at *2 (W.D. Mich. Nov. 27, 2006), further consideration of the merits of Plaintiff's complaint requires dismissal of the case.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal-pleading standard accorded pro se plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988), the Court finds that the complaint in this case is subject to summary dismissal.

Plaintiff asserts that unnamed Defendants have prevented him from filing a petition for

rehearing or rehearing en banc of the Sixth Circuit's decision in his habeas case, in violation of his rights under the First Amendment. Prisoners, including indigent prisoners, have a constitutional right of access to the courts, which the States have an affirmative duty to protect. *See Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). The right of access does not include a right to pursue a legal malpractice action or general civil litigation. *See Courtemanche v. Gregels*, 79 F.App'x 115, 117 (6th Cir. 2003) (citing *Schrier v. Halford*, 60 F.3d 1309, 1313 (8th Cir. 1995)).

A plaintiff must allege that the deprivation of his rights was intentional or the result of gross negligence in order to state a § 1983 claim. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). Mere negligence is not actionable under § 1983, therefore, an allegation of negligence is insufficient to state a violation of the right of access to the courts under § 1983. *See Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-30 (1992). In this case, Plaintiff does not set forth any facts indicating that Defendants John Does' conduct was intentional or grossly negligent.

Additionally, in order to prevail on a § 1983 claim concerning the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). This can be established by showing that the deprivation resulted in "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff has not demonstrated that he has been prejudiced or that an actual injury has resulted from the challenged

conduct. Pursuant to Federal Rule of Appellate Procedure 40, Plaintiff had fourteen days in which to file his petition for rehearing or rehearing en banc. Plaintiff alleges that he received the Sixth Circuit's decision six days after the judgment was entered. Thus, when Plaintiff received the final judgment from the Sixth Circuit, eight days remained in which Plaintiff could have filed a timely petition for rehearing or rehearing en banc. Plaintiff also could have filed a motion for an extension of time in which to file his petition, but he did not do so.

Moreover, Plaintiff's argument that Defendants' actions interfered with his petition for certiorari to the United States Supreme Court is frivolous. Under Sixth Circuit Internal Operating Procedure 40, "[i]t is not necessary to file a petition for rehearing, with or without a suggestion for rehearing en banc, in this Court, as a prerequisite to the filing of a petition for writ of certiorari in the United States Supreme Court." Plaintiff did not file a petition for writ of certiorari in the United States Supreme Court. Thus, Plaintiff's claims are unsupported and subject to dismissal for failure to state a claim upon which relief may be granted under § 1983.

Finally, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

Accordingly, it is **ORDERED** that Plaintiff's complaint [Dkt. #1] is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff is **DENIED** leave to proceed in forma pauperis on appeal.

                                            s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

Dated: December 2, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 2, 2008.

         s/Tracy A. Jacobs
         TRACY A. JACOBS